Chittenden,
January,
1837.

SAMUEL R. BROWN v. ROYAL P. STACY.

On issuing a writ of *audita querela*, no other recognizance for cost is required by the statute of 1822, than was required by the 11th section of the judiciary act.

The absence of a justice of the peace from the place, to which a cause has been adjourned by him, for the whole half day, within which the cause was set for trial, is a discontinuance of the action.

*Quære.* Whether his absence from such place, for two hours after the time, would operate as a discontinuance?

*Audita Querela,* to set aside a judgment of a justice of the peace. The recognizance was in the form prescribed by the 11th section of the judiciary act, Revised Stat. 61. The defendant pleaded in abatement, that there was no sufficient security to the defendant, by way of recognizance, for costs. Plea overruled by the County Court. The defendant then pleaded the general issue, and, under that plea, proved that the original suit, before the justice, was continued from the 24th day of April, 1835, to the 28th day of the same month, at nine o'clock, in the forenoon; on which day the parties both appeared between nine and ten o'clock, but that the justice did not appear till a few minutes before one o'clock, P. M. when both the parties were still present. That he then notified the parties that he would proceed to hear and determine the cause, but that the defendant declined to answer and left the place—and that, thereupon, the justice rendered judgment for the plaintiff. Upon this evidence the County Court instructed the jury to return, and they did return, a verdict for the complainant. Exceptions by defendant to the decision of the County Court on the plea in abatement, and to the instructions of that Court to the jury.

*Hyde and Peck, for the defendant.*—I. An *Audita Querela* is an original writ, within the general statutes, requiring security for costs. The recognizance in this case is not a compliance with the statute, as, in the event of the re-delivery of the body, it affords no security for costs. "Intervening damages" is not inclusive of costs, but is restricted, in its import, to damages, resulting from delay in the collection of the debt.

II. If this complaint can be sustained on the merits, it must be for some fraud in the plaintiff below, in obtaining judgment, whereby the defendant was deprived of his day in court, or upon the ground of an absolute want of jurisdiction in the court. But the delay was the fault of the justice, and not the fraud of

the plaintiff, and the office of an *audita querela* is to relieve against the misconduct of the party, but cannot reach the errors of the court. *Weeks* v. *Lawrence*, 1 Vt. Rep. 443. *Dodge* v. *Hubbell*, ibid. 491. It is a rule, adhered to, with the utmost strictness, never to afford relief, by this writ, where the complainant has had any opportunity of making his defence, either in the original action, or in any subsequent proceedings. 6 Dane's Dig. 317. 2 Saund. Rep. 148, b, note 1. *Barrett* v. *Vaughan*, 6 Vt. Rep. 243. *Staniford* v. *Barry*, 1 Aik. Rep. 321. *Essex* v. *Prentiss*, 6 Vt. Rep. 47.

*C. Adams, for complainant.*—Although the power of a justice is very extensive, still, justices' courts are of limited jurisdiction, and their powers are to be strictly construed.

In courts of general jurisdiction, the time and place of holding the court are prescribed by a public act, and suitors consequently know when and where to attend. Justices appoint their own time and place of holding their courts, and parties are to look to the writ alone for information on these points. The writ is the commission of the justice to hold the court, and after it is served, he has no discretion as to the time or place. It will be admitted, he could not hold his court at any other place, and no distinction can be drawn between the *place* and the *time*.

There must either be some established rule, or every thing must be left to discretion.

If the justice, under any circumstances, can delay his coming to the place of trial, for four hours, he can delay in all cases, and if he can delay four hours, by parity of reasoning, he can delay more, and the consequence will be that suitors can know nothing certain as to the time of trial, and must either wait through the day, or be entrapped.

The opinion of the Court was delivered by

WILLIAMS, Ch. J.—The first question arises on the plea in abatement. It is alleged in the plea, that no security was given for cost, by way of recognizance. On examination, it is apparent that such a recognizance was taken by the authority issuing the writ, as is required by the 11th Section of the judiciary act, the condition of which is undoubtedly intended to secure the cost. The judges, who allowed and signed the writ, are not authorized, and would not have been justified in taking any other recognizance, or a recognizance with any other condition, than the one there presented. The statute of 1822 was not

*Chittenden,*
*January,*
*1837.*

Brown
*v.*
Stacy.

intended to apply to writs of *audita querela*. The object of that statute was, to require of the plaintiff, in the ordinary process by writ of summons, to give security for costs of prosecution. Before that statute, he was not required to give security for cost, if he was a freeholder and lived within the State. The intention of the statute was, to place the common writs of summons on the same ground as writs of attachment, so far as security for costs was required. But as, before that statute, no other recognizance, than the one given in the case before us, was required on the issuing of a writ of *audita querela*, whether the same issued as an attachment or a summons, or whether the complainant was a freeholder or not, none is required by the statute of 1822, before mentioned.

There is still another and a more important question, in the case before us, in relation to the proceedings before the justice of the peace, to set aside which, was the object of the *audita querela*. It appears that the suit of *Stacy* v. *Brown*, was, by the justice, adjourned until the 28th April, 1835, to be heard at the office of Mr. Haswell, at 9 o'clock, A. M :—that Brown, the defendant in the suit, was present at the place, between nine and ten o'clock ; but the justice was not there until nearly one o'clock, P. M.

It is obvious there must be some time, when the parties to a suit, before a justice, may consider their attendance dispensed with, if no magistrate appears, and no measures are taken to proceed with the suit. In New York it is held, that the parties are bound to wait a reasonable time, and if there is an unreasonable delay in the justice to attend, the cause is discontinued. *Taft* v. *Grosfent,* 5 Johns. Rep. 353. *McCarty* v. *McPherson,* 11 do. 407.

This leaves the question too uncertain and precarious. What would appear to be a reasonable time to one, might be considered differently by others ; and a party to a suit should not be under the necessity of determining what is a reasonable time, at the hazard of having a final judgment rendered against him, on an *ex parte* hearing, if he judges incorrectly. It is also obvious, that it would be inconvenient and onerous to parties and witnesses, and contrary to all the provisions of the law in similar cases, to require an attendance during the whole of the day. A definite time is fixed by the statute, in which an entry must be made, a default or appeal taken, and within which a justice may

revive an action; and in analogy to this, the county court probably fixed upon the period of two hours as the time, within which, the justice should attend, when a cause has been continued. Whether the county court was correct, in fixing upon the period of two hours, as the time, within which the justice should appear and call up the suit, it is not required of us to decide, as the justice was absent during the whole of the half day, to which the suit was continued, and more than two hours from the hour appointed. In our law, in relation to justice courts, the period of half a day is recognized. Fees for attendance of witnesses and parties for half a day are established, and no more than the fees for half a day's attendance is allowed, when the judgment is rendered by default. We are all of opinion, that the absence and neglect of the justice to attend and call the suit, during the whole of the half day, operated as a discontinuance of the suit, and the judgment, rendered by him, was irregular. In this cause, the time fixed was in the forenoon, and there is no difficulty in determining the limit of the half day. Whether the parties, when the hour, to which a cause is adjourned, is in the afternoon, would be bound to attend until 12 o'clock, at night, or whether the afternoon would be considered as determining at six o'clock, which is the latest period at which a justice court may be appointed to be holden, (Stat. 1803, sect. 5, p. 136,) may admit of some doubt. In this case, however, from the facts, as found and established, there is no doubt the judgment of the County Court was not erroneous, and it is therefore affirmed.