## SAMUEL S. PHELPS *v.* CYRUS BIRGE.

ADDISON,
*January*,
1839.

To constitute an entry of an action in a justice's court, within the purview of the statute, it is *at least* necessary for the magistrate to be at the place of holding the court within the two hours from the time set for trial, having in his possession the writ, and ready, on his part, to proceed with the cause.

If the action is not entered within the two hours, it is a discontinuance; and the jurisdiction of the court is lapsed, and can only be restored by consent of the defendant entered upon the writ.

That the magistrate was purposely detained by the defendant, till after the expiration of the two hours, cannot avail to give him jurisdiction; neither is it of any avail that the defendant also appears after the two hours, and is offered a hearing by the magistrate, which he declines.

AUDITA querela to set aside a judgment rendered by a justice of the peace against the complainant.

On the trial before a jury in the county court, it appeared that the writ in the original suit was made returnable at the office of the justice at one o'clock in the afternoon, and was there seasonably returned by the officer who served it. The justice was not at his office between one and three o'clock, but was in a neighboring store, in conversation with the complainant, until shortly after the two hours from the time set in the writ, for the trial of the case, had elapsed; that at twenty minutes past three he went to his office, and, at the request of the plaintiff's attorney, entered a judgment against the present complainant by default.

The county court instructed the jury that upon the foregoing facts the complainant was entitled to a verdict, which the jury returned accordingly.

There was also a special plea, in which the defendant, after averring the seasonable return of the original writ to the justice's office, and the seasonable appearance of the then plaintiff at the place of trial, sets up as a reason for the absence of the justice that he was purposely detained at another place by the then defendant, in conversation, and prevented from going to his office until after the expiration of the two hours from the time at which said writ was made returnable; that he soon after went to his office, as also did the then defendant, who was then offered by the justice a hearing in the case, which he declined, upon which the justice rendered a judgment by default.

Phelps
v.
Birge.

To this plea the complainant demurred, and the county court adjudged the plea to be insufficient.

The defendant excepted.

*Starr & Bushnell*, for defendant.

1. It is a settled principle, that when a party has had a legal opportunity of defence, or when the injury of which he complains is to be attributed to his own neglect, he cannot be relieved by an *audita querela*. *Staniford* v. *Admr. of Barry*, 1 Aikens' Rep. 321. *Lovejoy* v. *Webber*, 10 Mass. Rep. 103. *Dodge* v. *Hubbell*, 1 Vt. Rep. 491.

2. It would seem to be necessary to allege in the complaint that the party had good matter of defence, which the complainant has not done in this case. The complaint alleges only, that " complainant, wishing to defend the suit of the said Cyrus, appeared for that purpose."

3. Where the ground of complaint is, that he has been deprived of his day in court, after legal service of the writ, it must be indispensable to state that the complainant appeared at the time and place of trial, which the complainant has not done in this case; but the complaint shows he did not enter the office of the justice. The justice may have provided some one in his office to give him notice in case of the appearance of the party. Is the party to be permitted slyly to watch the movements of the justice, and not appear at the place of trial, and, after default, set aside the judgment by *audita querela*?

4. It was enough for the justice to ascertain that the defendant had not appeared at the place of trial, to authorize a judgment by default, where the justice had been in a situation to attend on notice of the defendant's appearance.

5. If the plaintiff in the *audita querela* purposely detained the justice, it was a fraud upon the plaintiff in the original suit; and it would outrage every principle of morality and justice to permit him to use his own fraud to vacate the judgment.

Complainant, *pro se*.

The charge of the court, as to the issue of fact, was right.

There could be no entry of the suit, if there were no court to act. The fact that the writ was left at the justice's office was of no importance.

II. The special plea is bad.

The offer of a hearing was nugatory, as the justice had no power to act in the case, except by consent of the then defendant, by express terms of the statute.. Sec *Brown* v. *Stacy,* 9 Vt. Rep. 118.

The opinion of the court was delivered by

BENNETT, J.—We are called upon to give a construction to that act which provides that no plaintiff in a justice's court shall be suffered to *enter an action* after the expiration of two hours from the time set in the writ for trial, unless by consent of the defendant. That the profession have, in different sections of the state, given different practical constructions to this act, is unquestionably true ; and, perhaps, there may have been different judicial determinations in regard to it; but we are not advised that the question has ever, till the present time, been before the supreme court. There is some difficulty in determining what shall constitute the entry of an action in a justice's court ; and some have supposed that the return of the writ to the magistrate is all that the legislature meant by the term, " entry of the action." But that something more than this was contemplated, is apparent when we recur to the statute relating to the duties of sheriffs and other officers (page 204), where it is expressly made the duty of all officers, who shall serve a process, to return it to the court or justice to which it is made returnable, *before* the time set therein for the appearance of the party. We think that, to constitute an entry of an action within the purview of the statute, it is, at least, necessary for the magistrate to be at the place of holding the court *within the two hours* after the time set for trial, having in his possession the writ, and being ready on his part, to proceed with the cause. Whether it is necessary for the plaintiff also to be present, we have no occasion to decide.

The consequence is, that if the action is not entered within the two hours, it operates as a discontinuance, and the jurisdiction of the magistrate is lapsed and cannot be restored but by consent of the defendant entered on the records of the justice. All subsequent proceedings, without such consent, are irregular. There is, then, no good ground of exception to the instructions to the jury.

If we are correct in the position that the jurisdic-

of the court was lapsed, in consequence of the action not being entered within the two hours, it is difficult to see how the matter set up in the special plea in bar can restore it. That the offer made by the justice, to give the defendant a hearing, can have no such effect, has been expressly decided in the case of .Brown v. Stacy, 9 Vt. Rep. 118. It is equally clear that the other matter cannot have that effect. Whether a party would have a remedy in a case where the justice was prevented from attending a court, in due season, by the tortious act of the defendant, is not a case now before the court. It is sufficient in this case to say, that the matter set forth can have no possible effect in restoring jurisdiction. That the *audita querela* is the proper remedy in a case like this, there can be no doubt, and the case of *Brown* v. *Stacy* is an authority in point. The judgment of the court below is affirmed.