*The People ex relat. Frederick F. Backus* v. *Lyman A. Spalding.*

Discharge under bankrupt act no release from an imprisonment for contempt.

This was an appeal by the defendant from an order of the vice chancellor of the eighth circuit to recommit the defendant upon a conviction for a contempt. The defendant had been convicted for the wilful breach of an injunction, and had been fined for such misconduct, as directed by the statute. After his commitment he was discharged from his debts under the bankrupt act. A supreme court commissioner, supposing that a fine imposed upon a party for such misconduct was an ordinary debt from which the defendant could be discharged under the late bankrupt act, assumed the authority to discharge him upon habeas corpus.

J. L. CURTENIUS, for the appellant.

A. GARDNER, for the respondent.

THE CHANCELLOR. It is perfectly clear that the commissioner in this case had no jurisdiction to discharge the defendant. The statute declares that where, upon the return to a writ of habeas corpus, it appears that the party is detained in custody for a contempt plainly and specially charged in the commitment by a court having authority to commit for such contempt, and that the time during which such party may be legally detained has not expired, it shall be the duty of the officer before whom the habeas corpus is returnable, forthwith to remand such party. (2 *R. S.* 567, § 40.)

It is not necessary in this case to inquire whether a discharge under the bankrupt act will operate as a discharge of a commitment as for a contempt for the nonpayment of a sum of money payable under an order or decree of the court of chancery. But in a case like the present where the defendant is fined and imprisoned for an actual contempt, and the fine is directed to be paid into court to abide the final order of the court in relation to the same, there is no foundation for a pretence that the bankrupt law was intended to relieve the defendant from the consequence of his criminal misconduct. Where the defendant in this court is ordered or decreed

to pay a sum of money, it becomes a debt, and the ordinary precept to commit him for not paying it is in the nature of a *capias ad satisfaciendum*, and the defendant may be discharged under the insolvent act upon a surrender of his property. (*Van Wezel* v. *Van Wezel*, 3 *Paige's Rep.* 38.) But where a fine is imposed upon a defendant for a wilful contempt in violating an injunction, or any other criminal misconduct of the like nature, he can neither be discharged under the insolvent laws or under the bankrupt act, but is in the same situation in this respect as if such fine had been imposed upon him on a conviction for an assault and battery, or stealing.—And until the act of the last session the court itself which had imposed the fine, for the protection of the rights of the relator, could not discharge the defendant without actual payment.

The decision of the vice chancellor was unquestionably right, and the order appealed from must be affirmed, with costs.