### EDSON COMSTOCK v. JOHN GROUT.

The courts of this state have jurisdiction of questions as to the effect of a discharge in bankruptcy, obtained from the district court of the United States under the Act of Congress of Aug. 19, 1841, upon judgments and contracts which might have been proved under the commission.

A judgment in an action of tort, recovered against one who afterwards files his petition in the district court to be declared a bankrupt, is proveable under the commission, and is barred by the final discharge of the defendant as a bankrupt.

Where judgment was obtained against a defendant in an action of tort, and the court rendering the judgment also adjudged that the cause of action arose from the wilful and malicious act of the defendant and that he ought to be confined in close jail, and he was committed to jail upon the execution which issued on such judgment, and had filed in the district court of the United States, after the rendition of the judgment and prior to his commitment, his petition to be discharged as a bankrupt, and, while he was in confinement, obtained from the district court a final discharge and certificate as a bankrupt, and the plaintiff refused afterwards to discharge him from confinement, it was held, on *audita querela* brought by him against the plaintiff, setting forth these facts, that the action was well brought, and that the effect of the discharge in bankruptcy was to bar any farther prosecution of the judgment against him,—and it was accordingly ordered that he be discharged from imprisonment.

And it was held that it was not necessary that the complainant should allege, in his complaint, that the jailor had refused to permit him to depart from the jail.

And it does not affect the complainants right to bring *audita querela*, that he might, by possibility, have made a remedy by *habeas corpus*.

AUDITA QUERELA. The complainant alleged in his complaint, in substance, that judgment was recovered against himself and one King, by the defendant, Grout, at the March Term of the Supreme Court in Orange County, 1842, in an action of tort, and that the court also adjudged that the cause of action arose from the wilful and malicious act of the defendants in that suit, and that they ought to be confined in close jail, a certificate of which was duly indorsed by the clerk upon the execution which issued on said judgment; that the defendant, Grout, caused the complainant to be arrested by

Comstock *v.* Grout.

virtue of said execution, and committed to jail in Washington County, where he had ever since remained in confinement; that, after the rendition of said judgment, and prior to his commitment, the complainant had filed his petition in the district court to be declared a bankrupt, pursuant to the Act of Congress of Aug. 19, 1841; that in September, 1842, he was, by the district court, duly discharged, as a bankrupt, and received a certificate thereof; and that the defendant had notice of all these proceedings, but had refused to discharge him from his imprisonment.

To this complaint the defendant demurred.

*L. B. Vilas* for defendant.

1.  The courts of this State have no jurisdiction of the matters alleged in the complaint. It is claimed that an execution has been discharged by operation of a law of Congress and the proceedings of the United States' District Court under that law; if so, it belongs to that court to carry into effect its own decrees and protect the rights of all who claim relief thereby.

2.  If this court had jurisdiction, and the complainant has any relief in the state courts, *audita querela* is not the appropriate remedy. This action can only be maintained, where the defendant has been guilty of some wrong, for which the complainant is entitled to recover damages. Can the court say that this defendant shall pay damages, for not discharging the complainant from jail, where he had been legally placed; and when the defendant had done no act to change the legality of the commitment. This would seem to be giving a *remedy* without a *wrong*.

3.  If the complainant was discharged by operation of law, the debt would remain good against King; but if the creditor discharge one, the debt is discharged against both. Hence we insist that this ground alone is a sufficient reason for the defendant's refusal to discharge the complainant.

*O. H. Smith* for plaintiff.

The plaintiff contends that *audita querela* is the proper remedy, and the only remedy, by which he may obtain his discharge from farther imprisonment on the execution. *Brackett* v. *Winslow et al.,* 17 Mass. 153.  2 Saund. 148 *a,* n. 1.  13 Vt. 255.  3 Bl. Com.

405.   *Staniford* v. *Barry*, 1 Aik. 321.   *Baker* v. *Judges of Ulster*, 4 Johns. 191.   *Lovejoy* v. *Webber*, 10 Mass. 101.   The provisions of the 34th and 35th sections of chap. 103 of the Revised Statutes do not ˋextend to a case like the present. It may well be doubted whether a writ of *habeas corpus* is an appropriate remedy, as the creditor has a right to plead to the matter of bankruptcy, and have it tried by a jury.   The United States' court has no jurisdiction to grant relief by *habeas corpus,* where a person is in custody on state process, for any purpose whatever.   This court, therefore, alone, has the power to grant relief; and as the certificate in bankruptcy does not make the imprisonment void, by judgment of court, like a certificate of jail commissioners, but voidable merely, like a release of the debt, there would seem to be no appropriate remedy, but an *audita querela,* where the matter of discharge may be litigated.

The opinion of the court was delivered by

HEBARD, J.   This is an *audita querela,* brought to set aside an execution, upon which the complainant was committed to jail in Washington County.   The judgment was rendered at the March Term of this court, 1842; the complainant was committed to jail upon the execution April 4, 1842; and on the first day of September, 1842, he obtained his discharge in bankruptcy.   The complainant farther alleges that the defendant had notice of this discharge, and that he refused to release him from his imprisonment. To this complaint there is a general demurrer; and this presents the question, whether the complainant is entitled to the relief sought.

It is objected, in the first place, that this court have no jurisdiction of the matters alleged in the complaint,—that whatever relief there is in the case must come from the district court.   As a practical answer to that, it is said that the district court have been applied to and refused to grant the relief,—not having the power.*  It does not become necessary to give any opinion upon the correctness of that conclusion, for this application must depend upon its own merits.   It is not to be sustained, upon the ground that there

---

*See the case *In re Comstock*, 5 Law Rep. 163, where the decision of the district court, upon the application of this complainant to be relieved by that court, is reported at length.

Comstock *v.* Grout.

is no other *remedy*, nor is it to be denied, upon the ground that there *is another* remedy; for there may be cases where there is no remedy, and there are cases where there are several remedies.

The objection that is here made, that this court have no jurisdiction of the subject matter of the complaint, would apply with equal force to every plea of bankruptcy, that is filed to *bar a recovery.* In that case the *defence*, that is urged against a right to recover a judgment, comes from the proceedings in the district court. In this case the complainant relies upon the same determination of the district court, to be relieved from imprisonment upon the judgment of the state court. There is, therefore, the same conflict in the two courts, and the same want of jurisdiction in one case, as in the other;—and we see none in either. In one case it operates to suspend the right of recovery; in the other case it suspends the operation of a judgment already recovered; and we are unable to perceive that state sovereignty is cast into the shade any more in one case, than in the other.*

It is farther objected, that, if the state courts have jurisdiction of the matters specified in the complaint, *audita querela* is not the appropriate remedy;—and for two reasons,—the first of which is, that the defendant has been guilty of no wrong. It is usual to charge fraud and wrong upon the defendant in all cases, when the remedy is sought by *audita querela;* but in many cases the wrong is rather *permissive* than *actual.* It would be impossible to notice all the cases, in which this action has been sustained, where the wrong complained of was not the direct act of the defendant. In *Phelps* v. *Slade et al.*, 13 Vt. 195, *audita querela* was sustained to set aside an execution, which issued irregularly by the mistake of the *clerk*, or *attorney.* So in *Tyler* v. *Lathrop*, 5 Vt. 170, where the justice refused to allow an appeal, in a case in which the party was entitled to claim an appeal. And in *Phelps* v. *Birge*, 11 Vt. 161, the judgment of a justice of the peace was set aside, on *audita querela*, for the reason that the action was not duly entered before the justice within two hours from the time set for trial. From these cases, and a variety of others, it will be seen, that although, as is said in the case of *Little* v. *Cook*, 1 Aik. 363, it is a process which bears solely

*See *Ward* v. *Jenkins et al.*, 8 Law Rep. 538.

upon the wrongful acts of the opposite party, yet this is to be taken with some such limitation as I have already suggested.

But it may, in this case, be said that the defendant is guilty of a wrong. The complainant has, by the provisions of the bankrupt act, and the proceedings under it, obtained a certificate and discharge from all such debts as existed prior to, and might have been proved under, the commission. It is wrong that the defendant should hold him restrained of his *liberty*, when the debt, upon which he is committed, is discharged.

But it is farther said, that it is not alleged in the complaint that the jailer refuses to release the complainant. This we think unnecessary to be alleged. The jailer has no discretion to use. He is bound to keep such prisoners as are committed to his care, when the commitment is legal, until they are discharged by some proceedings under the *law*, or by the *creditor*. The sheriff is strictly an executive officer, and has no discretion to vary or depart from the fixed and well defined duties of his office.

Another objection, which has been urged as a reason why *audita querela* is not the proper remedy, is, that the complainant may have relief by *habeas corpus*. The answer to this objection has been in part anticipated. The writ of *audita querela* may lie, although there is another remedy. In this case the complainant could not know but what the defendant might wish for the intervention of a jury, to try the validity of his *discharge;* and if he is not entitled to the trial by jury, it forms no ground of complaint for him that the opportunity has been given to him. In the case of *Brackett v. Winslow et al.*, 17 Mass. 153, the court seem to suppose that the plaintiff had other remedies,—that he might have been relieved by *habeas corpus*, or that he might have had his action of trespass to recover damages,—but still the court held that *audita querela* was a proper remedy. The action of *audita querela* is concurrent with other remedies, in some instances ; and in other cases, as in *Dodge v. Hubbell*, 1 Vt. 491, there is no remedy.

Our statute prescribes the form of proceeding in this action ; but the cases, in which it is a suitable remedy, are left to be determined by the rules of the common law. But it being, as has been said, in the nature of a bill in equity, it is very difficult to define the particular cases, in which it will, or will not lie ; for in these cases, as

Comstock *v.* Grout.

in cases in equity, each case will have its characteristics, and its peculiar features. This general rule, however, has always been adhered to, except in the case of infants, that it will not lie, when the party has had an opportunity to make his defence, or where the injury, of which he complains, is to be attributed to his own fault, or neglect. No part of this rule applies to the present case. The complainant has had no opportunity to make his defence. Whether he has any other remedy is at least doubtful. We do not decide that he has not. He might make his application to the county court, to fix the time for his taking the poor debtor's oath; but that would leave the debt in force against him; whereas, to have the intended benefit of his certificate and discharge, he should be relieved from the debt. Whether he could be relieved by *habeas corpus* is more doubtful. Usually that proceeding only involves an inquiry into the legality of the commitment; and that is to be determined by the record. If that was to be the rule, no relief could be given in this case, as the commitment was legal, and all that now exists, as a reason for relieving the complainant, is matter *dehors* the record. But to this rule there may be exceptions.

But, aside from the reason and fitness of the remedy, we think it fully sustained by authority. The cases collected and cited in 2 Saund. Rep., in notes, recognize, in repeated instances, the doctrine, that *audita querela* will lie, to discharge the complainant from imprisonment, when the cause of complaint arose after the commitment, and when the only fault, or *wrong*, in the defendant was in not discharging him.

This subject was before this court in Rutland county;—but the question in this case was not involved in that. There the complainant had been admitted to the liberties of the jail yard, and could leave when he pleased. He needed no interposition of the court for any purpose, except to adjudicate in advance what would be his liability upon his bond, in case he should leave the *limits*, and the creditor should think it best to commence a suit against him. He was under no restraint from the law, nor the officers of the law. He was merely restrained by his contract; and the court left him to judge of the nature and extent of that obligation, and the propriety of remaining upon the limits,—where he had bound himself to stay,—or to leave, and trust to his defence, that his certificate would

enable him to make,—as his own judgment, and such advice as he should avail himself of, should incline him.

The judgment in this case is, that the complaint is sufficient, and that the complainant be discharged from imprisonment, and that he recover one cent damages, and his costs.

The defendant, on application for that purpose, had leave to withdraw his demurrer, on payment of costs to this time, and the case was continued, in order that he might plead to the complaint.

