MACY, *appellant, vs.* JORDAN, *respondent.*

Where a defendant in a suit in chancery had rendered himself liable to a conviction for a criminal contempt for violating an injunction, issued upon a judgment cred-itor's bill, and was afterwards discharged under the bankrupt act, and after such discharge was prosecuted by attachment for such contempt; *held,* that such discharge was not a defence against the attachment proceeding.

*Held* also, that a fine to the amount of the complainant's judgment and costs, and a direction that the same be paid to the complainant for his indemnity, was not in such a case improper.

The lien upon a debtor's property and rights in action created by an execution returned unsatisfied and the commencement of a suit by judgment creditor's bill, is not divested by a subsequent discharge in bankruptcy.

Macy *v.* Jordan.

*Semble*, that the judgment remains on foot notwithstanding the discharge so far as it may be necessary to uphold proceedings to enforce the lien. *Per* JEWETT, J.

ON appeal from the court of chancery. On the 6th day of November, 1838, the respondent having recovered a judgment against the appellant in the supreme court and had an execution returned unsatisfied, filed his bill in the court below in order to obtain satisfaction out of the defendant's property, things in action, &c., and the *subpœna* and *injunction* thereupon issued were served on the appellant, the defendant in that suit, on the 23d day of the same month. On the 5th day of December thereafter the defendant, notwithstanding the injunction, made a voluntary assignment of all his property real and personal to two individuals residing in Buffalo. Farther proceedings in the suit were delayed for reasons not necessary to be stated, until October, 1843, when the complainant applied for an attachment against the defendant for a violation of the injunction, which was accordingly issued. The defendant was arrested and gave a bond for his appearance; and on the return of the attachment interrogatories were filed and the defendant's answers and other testimony were taken before a master and reported to the court. Among other matters of defence, the defendant set up his discharge from all his debts under the bankrupt act of the United States; and a copy of the certificate granted by the district court on the 6th day of August, 1842, was annexed to the depositions. The recognizance having been respited to the 18th March, 1844, the chancellor after hearing the parties, adjudged the defendant to have been guilty of a contempt in wilfully violating the injunction, by which the complainant had lost his debt and costs, and imposed upon the defendant a fine to indemnify the complainant, to the amount of the debt due from the defendant and the costs, amounting to $706, and directed that the same be paid to the complainant, and ordered the defendant to be committed until it should be paid. The defendant appealed to this court.

*G. P. Barker*, for the appellant, insisted, (among other things) that the respondent's certificate in bankruptcy having extinguished the debt which formed the basis of the suit, furnished

a bar to all subsequent proceedings on the attachment, and should have protected the defendant against a fine, which he said was only another form of collecting the debt.

*A. L. Jordan*, respondent, in person.

The discussion in this court was mainly upon certain questions of fact—whether the property assigned was of any available value, and if it was, whether the complainant had not acquiesced in the assignment; but only such portions of the opinions are inserted as relate to the effect of the bankrupt discharge.

JEWETT, J. The respondent by his judgment acquired a lien upon the appellant's real estate, and by the bill filed upon the return of an execution unsatisfied he obtained a lien upon his personal property and things in action. This was in 1838, and long before the discharge in bankruptcy, and the lien is protected by the express provisions of the bankrupt act. (§ 2, *second proviso*.)

The cause for which the fine was imposed, was the *criminal* contempt which the appellant was adjudged to have committed in disobeying the injunction. (2 *R. S.* 278, § 10.) The punishment for such an offence, is by fine or imprisonment or both, according to the aggravation of the case; and where a party has suffered by the misconduct which constitutes the offence, the fine is to be paid to such party. (2 *R. S.* 538, § 20 *to* 22.) It may be true that if the debt had been *paid* subsequently to the violation of the injunction, no punishment, or only a nominal fine could have been imposed. But there has been no actual payment of the debt. A bankrupt discharge, though it may deprive the creditor of all remedy for his debt, where it is not protected by a lien or collateral security, is not payment or evidence of payment; and it does not lighten the injury which the respondent has sustained by the defendant's contemning the remedial process which had been issued for the purpose of recovering the original demand. The proceeding after the attachment issued was for a criminal offence, and although the respondent

might inc'dentally derive a benefit from the conviction, still the proceeding was not upon the original demand, or for the recovery of a debt. I am of opinion that the certificate and discharge were irrelevant and were properly disregarded, and that the order of the chancellor ought to be affirmed.

LOTT, Senator. Although the bankrupt discharge may enure to the satisfaction of the debt, yet that is not material, inasmuch as the remedy sought by the attachment was for a *wrong* done and not to recover the original debt. The violation of the injunction created new rights arising out of that act, of such a character as not to admit of their being proved under the bankruptcy, and which cannot therefore be effected by the discharge. In *The People* v. *Spalding*, (10 *Paige*, 284,) it was held that a fine imposed for similar misconduct was not extinguished by a bankrupt discharge; and that decision has been affirmed in this court. The principle involved in that case is the same as in the one now before the court. If a fine which to some extent partakes of the nature of a debt is unaffected by a subsequent discharge, I do not see how such discharge can be held to operate as a dispensation of the offence itself. I am for affirming the order appealed from.

BARLOW Senator. The order imposing the fine assumes that there was an existing debt due the respondent, amounting with interest and costs to $706, and that this debt was lost by the act of the defendant in assigning his property in disregard of the injunction, and it attempts to reinstate this debt as a *fine* by way of substitution for the original indebtedness. If the debt had been paid in money after the commission of the alleged contempt, instead of being extinguished by the operation of the bankrupt law, no one would think of enforcing the attachment to an extent which would make it a means of again collecting the debt so paid; and I can see no sound distinction as respects this case between actual payment and a discharge which exonerates the debtor from the obligation to pay.

The debt cannot be considered as kept on foot to preserve the

lien, because, in the view I take of the facts proved before the master, there was no property on which the lien could attach except the land, which was swallowed up by prior incumbrances. I am for reversing the order appealed from.

On the question being put "Shall this order be reversed?" the members of the court voted as follows:

*For reversal:* *Senators* BARLOW and HARD.

*For affirmance:* The PRESIDENT, Mr. *Justice* JEWETT, and *Senators* BACKUS, BEEKMAN, BEERS, BOCKEE, BURNHAM, CORNING, DENNISTON, EMMONS, FOLSOM, HAND, JOHNSON, JONES, LOTT, MITCHELL, PORTER, SCOVIL, SEDGWICK, SMITH TALCOTT and WRIGHT—22.

Order affirmed.