## Case No. 13,639.

### In re SUTHERLAND.

[Deady, 416;[1] 3 N. B. R. 314 (Quarto, 83); 8 Am. Law Reg. (N. S.) 39.]

District Court. D. Oregon. May 23, 1868.

BANKRUPTCY — PROVABLE DEBTS—JUDGMENT FOR FINE.

A judgment for a fine is not a debt provable in bankruptcy.

[Cited in M. & M. Nat. Bank v. Brady's Bank. Case No. 9,018; Re Lachemeyer, Id. 7,966.]

[Cited in Howland v. Carson, 28 Ohio St. 629.]

[In the matter of Robert A. Sutherland, a bankrupt. For prior proceedings in this litigation, see Case No. 13,638.]

M. W. Fechheimer, for assignee.
M. F. Mulkey, for the State.

DEADY, District Judge. From the certificate of the register it appears that the state of Oregon proved a debt against the estate of the bankrupt, amounting to $1,394.46. Upon the motion of the assignee, the claim has been set down for examination before the court. From the evidence and admissions of the counsel for the state and assignee, it appears that on December 3 and 4, 1861, two several judgments were given in the circuit court of the state for the county of Multnomah, sentencing the bankrupt to pay two certain fines, and that he be committed until the same be paid. The debt proved before the register is a part of the sum for which these judgments were given, the remainder having been paid. It is also understood from the admission of counsel that these fines were imposed upon the bankrupt as a punishment prescribed by law for the commission of a crime, of which he had been duly convicted. Indeed a judgment that a party pay a fine, in the absence of anything to the contrary, must be presumed to have been given as a punishment for the commission of a crime.

Section 15 of the act of January 25, 1854 (Laws Or. 1854, p. 473), in force when these judgments were given, provides that "any convict" confined in jail "for the non-payment of a fine," may be discharged from such imprisonment by the commissioners of the county, if he is unable to pay the fine; "but such convict shall not thereby be released from the payment of such fine, but the same may be collected by execution at any future time." Under this act the bank-

[2] [From 1 N. B. R. 531 (Quarto, 140).]

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

rupt was discharged from imprisonment soon after the judgments were given. Section 19 of the bankrupt act [of 1867 (14 Stat. .525)] declares: "That all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, * * * may be proved against the estate of the bankrupt." Does the term "debt" include a judgment for a fine? 3 Bl. Comm. 154, says: "The legal acceptation of 'debt' is a sum of money due by certain and express agreement." This, however, is not the popular acceptation of the word. In Gray v. Bennett, 3 Metc. [Mass.] 526, the court say: "The word 'debt' is of large import, including not only debts of record, or judgments, and debts of specialty, but also obligations under simple contracts to a very wide extent; and in its popular sense includes all that is due to a man under any form of obligation or promise." This view of the subject was approved by Justice Story. Carver v. Braintree Manuf'g Co. [Case No. 2,485].

To ascertain, then, whether the word "debt" is here used in the legal or popular sense, recourse must be had to the subject matter and the context. Immediately following the general clause of section 19, concerning debts, as above quoted, it is provided, that, "all demands against the bankrupt for, or on account of, any goods or chattels wrongfully taken, converted or withheld by him may be proved or allowed as debts, to the amount of the value of the property so taken or withheld, with interest." The section then proceeds to provide for the case of contingent debts and liabilities, as well as unliquidated damages upon a contract or promise, and then concludes: "No debts other than those above specified, shall be proved or allowed against the estate." From all the provisions of the section it is apparent that the word "debt" is used in the legal or limited sense. If it were used in the popular sense it would not have been necessary to have specially provided that "demands for goods wrongfully taken, etc., may be proved or allowed as debts." In the popular sense such demands are debts, and would have been included in the preceding clause providing for the proving "all debts."

A discharge in bankruptcy releases the bankrupt from all debts which were or might have been proved against his estate. Bankrupt Act, § 34. These fines were imposed upon the bankrupt as a punishment for crimes of which he was convicted. If provable against his estate, he may be discharged from the payment of them, and from arrest made to enforce such payment. In effect, this would be allowing the national government, through its courts, to grant pardons for crimes committed against the state. A person convicted of manslaughter, and sentenced to pay a fine of a thousand dollars, by a discharge in bankruptcy, would be relieved from the punishment affixed by law to his crime. I do not think, that the act while it

reasonably admits of any other construction, ought to be construed so as to permit or allow such a consequence.

Looking at the letter of the act, or the nature of the subject, either separately or conjunctively it appears to me, that a judgment for a fine, imposed as a punishment for a crime, is not a debt provable against the estate of the bankrupt. Abstractly considered, it may be proper that such a judgment should be proved as a debt against the estate for the purpose of receiving any dividend as a part payment thereof, without effecting a full discharge of the same. Such a provision is found in section 33, concerning debts created by fraud or embezzlement, or by defalcation, while acting as a public officer, or in a fiduciary character. But judgments for fines are not included in this special provision, because not enumerated in it. In People v. Spalding, 10 Paige, 284, it was decided that a discharge under the bankrupt act of 1841 [5 Stat. 440] did not discharge a party from a judgment for a fine imposed upon him as a punishment for a contempt, committed by violating an injunction. The contempt was merely constructive, and the fine imposed was directed by statute to be ultimately applied in satisfaction of the civil injury to the party who obtained the injunction. The court of errors affirmed the decision. 7 Hill. 301. On error to the supreme court of the United States, the judgment of the court of errors was affirmed. 4 How. [45 U. S.] 21.

This case seems decisive of the question. Indeed it goes much farther than the court is required to go in this case. The bankrupt act of 1841 in the use of the word "debt" is much less qualified than the present one; yet the court held that it did not include a judgment for a fine. In the case under consideration, the fine was imposed, purely as a punishment for the commission of an actual crime, while in the case cited, the fine was imposed, nominally as a punishment, but in reality as a compensation to the creditor for the civil injury he sustained by reason of the commission of the acts constituting the contempt.

The claim must be expunged from the list of debts proved against the estate of the bankrupt.

[For subsequent proceedings in this litigation, see Case No. 13,640.]