WIGG, Ex parte. See Case No. 2,348.

---

## Case No. 17,623.

### In re WIGGERS.

[2 Biss. 71;[1] 2 Chi. Leg. News, 385.]

District Court, N. D. Illinois. Nov., 1868.

BANKRUPTCY PROCEEDING—DISCHARGE—JUDGMENT FOR TORT—RELEASE FROM ARREST—JURISDICTION OF DISTRICT COURT.

1. A judgment for tort is discharged under the bankrupt law

[Cited in Hun v Cary, 82 N. Y. 80.]

2. A bankrupt arrested under a ca. sa. issued upon such a judgment will be released by this court, even though the state court had refused so to do.

[Cited in Ex parte Schulenberg, 25 Fed. 212.]

3. The jurisdiction of the district court is exclusive, and its authority paramount, and it will protect the bankrupt in the manner contemplated by the law

4. As to arrest, there is no distinction between mesne and final process.

[Cited in Re Pitts, Case No. 11,190.]

Thomas had recovered a judgment for a tort against Wiggers in the state court. On the 18th of May, Wiggers filed his petition in bankruptcy, scheduling this judgment. On the 23d, Thomas sued out of the state court a capias ad satisfaciendum on his judgment, under which Wiggers was arrested on the morning of the 25th. Afterwards, on the same day, Wiggers was duly adjudicated a bankrupt by the register. The state court having refused to release the debtor—holding that the judgment creditor might prove his claim in bankruptcy, or hold the defendant in custody at his election, and that the ca.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

sa. is not a "civil action," nor included in the clause for the prevention of arrest—this application was made for an order to discharge the debtor from arrest.

Spafford & McDaid, for creditor.
Hervey, Anthony & Galt, for bankrupt.

DRUMMOND, District Judge. The only question is as to the true construction of the last clause of the 26th section of the bankrupt law. This judgment was recovered for a tort, but it is still a debt, because it has passed into judgment. It is clear that the bankrupt law intends to discharge the debtor from debts or judgments obtained for a tort, as well as on simple contracts. Otherwise it would have placed them among the exceptions in the section.

There is no distinction between an arrest on mesne and final process. To be sure, before judgment, this claim is, as it were, in fieri, and after judgment it becomes res adjudicata; but so far as arrest is concerned the intent and object of this clause in the bankrupt law are the same.

The fact that an application has been made to the state court cannot be considered as final and binding. The main point is whether this law is paramount, and whether it is the duty of this court to see that a suitor within its jurisdiction is protected in the manner contemplated by law. This law gives exclusive jurisdiction to this court, and declares in what manner proceedings shall be instituted and continued. It was obviously the object of the law to bring the bankrupt at all times within the control and disposition of this court, and the state courts cannot have control over the bankrupt in a manner different from that authorized by the law itself.

Debtor discharged.

See In re Book [Case No. 1,637], and Comstock v. Grout, 17 Vt. 512.