HUGH MANNING and Wife *v.* JOSEPH H. KEYES.

A judgment in an action of trespass for assault and battery is a debt discharge able under the National Bankrupt Act of 1867.

ACTION of trespass against the defendant for assault and battery of the plaintiff, Ann Manning. At the October term, 1868, of the Supreme Court for this county, the plaintiff recovered judgment for $500 and costs, and now moved for execution.

*Blodgett, for the defendant,* opposed the motion, and asked for a stay of execution, because the defendant, since the rendition of said judgment, had been adjudged a bankrupt, on his own petition, at a court of bankruptcy in Massachusetts, where proceedings were still pending.

*P. E. Tillinghast, for the plaintiffs,* in support of the motion, contended that the judgment upon which execution was asked, was not provable in bankruptcy, citing *Kellogg* v. *Schuyler,* 2 Denio, 73 ; *Parker* v. *Norton,* 6 Term. 695 ; *Hughes* v. *Oliver,* 8 Barr. 426 ; *McDonald* v. *Ingraham,* 30 Miss. 389 ; *Hapgood* v. *Blood,* 11 Gray, 400 ; *Spalding* v. *People of New York,* 4 How. 21 ; *People* v. *Spalding,* 10 Paige, Ch. 284 ; *In re James B. Devoe,* Amer. Law Reg. Sept., 1868, p. 690 ; *In re Julius R. Pettis,* Ibid. p. 695 ; *In re Robert Sutherland,* Ibid. Jan. 1869, p. 39 ; *In the Matter of Harvey F. Payton,* 7 R. I. 153.

DURFEE, J. It was held, under the bankrupt act of 1841, that a judgment in a court of law obtained in an action of tort was a debt dischargeable under and by force of the bankrupt law. *Samuel Bork, in Bankruptcy,* 3 McLean, (Cir. Ct.) 217 ; and see *Comstock* v. *Graat,* 17 Vt. 512 ; *Crouch* v. *Gridley,* 6 Hill, (N. Y.) 259. In this case, the judgment was in an action of trespass for assault and battery, and, therefore, not being within the exceptions specified in the 33d section of the act of 1867, we think it is a debt dischargeable under that act.

We will direct that execution be stayed till further order.

*Execution stayed.*