Johnson, J.
In Smith v. Ramsey, 27 Ohio St. 339, it was held that a discharge in bankruptcy can not be collaterally impeached on the ground that it was obtained fraudulently, and that such impeachment can only be had in a direct proceeding in the court granting the discharge.
In Rayl, Adm’x v. Lapham, 27 Ohio St. 452, it was further held that actual notice to the creditors is not essential to the jurisdiction of the court in a bankrupt proceeding, as the main purpose is to secure a proper distribution of the estate among the creditors, and hence, if the bankrupt willfully and fraudulently prevents notice to a creditor, it would be good ground for annulling a discharge by a direct proceeding in the bankrupt court, where it was granted; yet such discharge could not be collaterally impeached.
These decisions dispose of the first and second defenses.
The third defense raises the question, whether this was a debt created by fraud ?
The section of the bankrupt act (U. S. Rev. Stat., sec. 5117) relied on is as follows :
“No debt created b j fraud or embezzlement of the bankrupt, or by his defalcation, as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy ; but the debt may be proved, and the dividend thereon shall be a payment on account of such debt.”
This judgment was an existing debt at the time (May 30, 1868) the petition in bankruptcy was filed, and as such was provable in bankruptcy, although the original cause of action sounded in tort for unliquidated damages. Ellis v. Ham, 28 Maine, 385; Couch v. Gridley, 6 Hill, 250; Kel *628 logg v. Schuyler, 2 Denio, 73; Comstock v. Grout, 17 Vt. 512; In re Comstock, 22 Vt. 642.
If this cause of action had continued a liability for damages, when Carson was adjudicated a bankrupt, it is settled that it was not a debt or claim provable in bankruptcy, nor would the discharge affect an after-acquired judgment thereon.
By section 5067 of the Revised Statutes of the United States, unliquidated damages, arising out of'any contract or promise, on account of any goods and chattels wrongfully taken, converted, or withheld, as well as debts due or to become due, are provable; but no provision is made for proving such damages not arising on such contracts.
But a judgment for such damages becomes a debt of record, and may be proved as other debts. In matter of Hockinburgh v. Block, 6 Bennett, 150; Morse v. Hutchins, 102 Mass. 439; Crafts v. Belden, 99 Mass. 535.
The effect of a discharge was, therefore, to release Carson, unless this judgment was a debt created by fraud.
"What constitutes fraud as an element of the liability which prevents the discharge under the bankrupt act from operating on the debt ?
The word debt in this act is said to be synonymous with claim, and embraces claims created by fraud. Stockes & Leonard v. Mason, 10 R. I. 261.
If we apply the maxim, noscitur a sociis, to this section, it is clear that the claim must be one sounding in contract, as it applies to debts created by fraud, embezzlement, defalcation, or breach of trust arising out of a fiduciary relation. Debts arising from either of these classes, sound in contract, and are founded on contracts express or implied.
A debt created by fraud implies confidence and deception. It implies that it arose out of a contract, express or implied, and that fraudulent practices were employed by the debtor, by which the creditor was defrauded. Sturtevant v. Tuttle, 22 Ohio St. 111; Reid v. Martin, 11 Sup. Ct. (N. Y.) 590; 1 Story Eq. Jur., sec. 186; 1 Bouv. Law Dict., title Fraud; Broadnax v. Bradford & Co., 50 *629 Ala. 270; Lord v. Goddard, 13 How. 198; Chandelor v. Lapus, 1 Smith’s Lead. Cas. 283.
In case of a judgment debt the court will look back, and if it had its root and origin in fraud, the bankrupt’s discharge will not bar it, whatever the form of the action. The judgment does not merge the fraud. Reid v. Martin, 11 Sup. Ct. (N. Y.) 592; Jones’ Ex’r v. Clark, 25 Grattan, 642; Flanagan v. Cary’s Adm’r, 37 Texas, 67.
In the case at bar, the father’s damages arose from the seduction of his daughter. It is not averred that it was under any promise of marriage, nor that any arts or devices were practiced which could in law amount to legal fraud on the father.
On the contrary, it was a pure case of tort, a heinous crime against morals, and in some cases against law, but one which, in the absence of a promise of marriage, under which it was committed, gave the real party injured, the daughter, no cause of action at common law.
The liability of the father, rests upon the loss of services incident to the wrong.
It is wholly independent of, and exists without, any of the elements of fraud recognized as creating a debt or liability.
A question has been raised which we do not find it necessary to decide, namely, whether all judgments of record are debts provable in bankruptcy, and so discharged by discharge under the bankrupt act.
In re Sutherland, 8 Am. Law Reg. (new series) 39, it was held that a judgment for a fine, imposed as a penalty for a crime, is not a debt, within the meaning of this act, for the reason that such fine was not a debt, but a penalty, and to allow it to be discharged, would in effect allow the national government to grant pardons for crimes committed against the state.
So in The People v. Spaulding, 10 Paige Ch. 284, affirmed in 7 Hill, 301, and in 4 How. (S. C.) 21, it was held that a discharge under the bankrupt act of 1841, did not discharge a fine imposed for contempt of court.
*630 These cases rest upon grounds of public policy, because the contrary would involve an interference with the police power of the states to punish crimes, and of the courts to enforce authority and preserve public order, and because individual indebtedness alone is within the scope of the bankrupt act. Judgments founded on fines and penalties imposed as a punishment for crime, stand on a different footing than judgments like the one at bar in favor of one person against another.
The judgment of the district court and court of common pleas is affirmed.