Opinion of the Court.
Chiles exhibited in court a fee-bill, which had been issued against him, by Harrison the clerk of the *151 Montgomery circuit court, and paid by him, and moved the court to quash the fee-bill, and render judgment against Harrison, for the amount thereof, and to fine Harrison for each illegal item charged therein. First, because the items have been twice charged ; second, because the services have not been rendered, and third, because the charges are higher than the law allows. But it being admitted by the parties, that the payment of the fee-bill, by Chiles, was made more than one year before the application to fine Harrison ; and the court supposing the statute of limitations formed a bar to the proceedings, overruled the motion.
1 Dig. 563.
2 Dig. 864.
The only question for the decision of this court, involves the correctness of the decision of the circuit court, in overruling the motion of Chiles.
The motion of Chiles was founded on the sixth section of the act of 1816—Ses. Acts 210; which authorises any person who may have paid a fee-bill, in which he may suspect or believe there are erroneous charges, &c. to hand the bill to a circuit judge, either in vacation or term time, and the judge is required at the next court, if the fee-bill is delivered to him in vacation, or at the same court, if delivered to him during a term, to inspect the fee-bill, and if any charge contained in the fee-bill, is discovered not to be authorised by law, to quash the fee bill, and order the clerk to restore the whole of the money which has been paid, and fine the clerk, in favor of the person who may have paid the fee-bill, any sum not less than one dollar, nor more than four dollars for such item, so improperly charged.
It cannot be doubted that the provisions of this section, are of a highly penal complexion. For whatever may be the charge contained in the fee-bill, if it be not authorised by law, the clerk is not only subject to be fined, but he is compellable to restore the whole amount of the money paid, let the unlawful excess charged be’ however insignificant, when compared with the amount, which in justice should have been paid.
Considered, therefore, as a penal statute, the correctness of the decision of the circuit court, turns exclusively upon the construction to be given to the forty sixth section of the act of 1796—1 Lit. 475. That section provides, that " all actions, suits, bills, indictments or informations, which shall be had, sued on *152 or exhibited upon any penal act of assembly, not affecting life or limb, made or to be made, shall be had, brought sued or exhibited, within one year next after the offence committed against such act, and not after.”
It was conceded in argument, that after the expiration of one year from the commission of the offence, no one but the person aggrieved, can maintain any action or suit, upon a penal act of assembly ; but it was contended, that the remedy given by the act of 1816, against clerks, is neither an action nor suit, and if it were, yet as the remedy is given to the person aggrieved, the section cited from the act of 1796, ought not to be construed to embrace it. Unless the circumstance of the remedy, provided by the act of 1816, being given to the person aggrieved, takes the case out of the act of 1796, we entertain no doubt, the court were correct, in holding the limitation of one year as a bar to the application of Chiles. The statute of 1816, it is true, has no where employed the words action or suit; but for a violation of its provisions a remedy is afforded by an application to the judge of the court, and that application when made is the assertion of a demand in the form prescribed by law, and in legal contemplation, nothing more nor less, than an action. It is an action in the same sense that all motions are actions, and by the appellate court of Virginia, a motion to recover a penalty was held to come within the provisions of a statute of that country, limiting the time of bringing suits or actions on penal statutes—1 Call. R. 475. And with respect to the remedy being given by the act of 1816, to the party aggrieved, no reason is perceived why that circumstance should take the case out of the operation of the act of 1796. It is, nevertheless, the assertion of a claim, and the prosecution of a demand, upon a penal act of assembly; and the expressions of the act of 1796 are broad and emphatic, that no action or suit shall be had or sued upon any penal act of assembly, unless brought within one year from the commission of the offence. To allow the circumstance of the remedy being given to the party aggrieved, to take the case out of the operation of the limitation, would, therefore, not only require of the court to make an exception which the act has not made, but would be giving a construction directly opposed to the plain and obvious import of the act.
*153 We are aware that a different construction has been given by the judges of the English courts, to the statute of 31 Eliz. ch. 1, which limits the bringing of actions in that country on penal statutes ; but there is a wide difference between the wording of that statute and the act of 1796. The statute of Elizabeth barely limits the time of bringing actions on penal statutes, where the forfeiture created by the statute is limited to the Queen, her heirs and successors only ; whereas the act of 1796, of this country, creates a limitation to bringing actions generally, without any regard to the manner in which the forfeiture may be limited.
Whilst, therefore, we admit the propriety of not bringing actions brought by the party aggrieved, within the influence of the statute of Elizabeth, we apprehend, from the generality of the language employed in the act of this country, a different construction should prevail.
The judgment must be affirmed with costs.