## Rodes *vs* Reese & Parker.

### ERROR TO THE FAYETTE CIRCUIT.

#### *Clerks. Fee bills. Fines.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS writ of error is prosecuted by Rodes for the reversal of two judgments of the Fayette Circuit Court, quashing certain fee bills therein referred to, which had been issued by and paid to him as Clerk of the Fayette

County Court, and also adjudging against him the amount of said fee bills, and also large sums, being the amount of the fine of one dollar for each illegal item in said fee bills.

The assignment of errors questions the propriety of the judgment, not only on the merits and as to the sums adjudged, but also on the ground of informality in the mode of proceeding. The sixth section of the act of 1817, regulating Clerks' fees, &c. (*Stat. Law,* 393,) authorizes any person who pays a fee bill, in which he suspects there is an illegal charge, to hand such fee bill to the Circuit Judge who presides in the county of such person's residence, and authorizes the Judge, if there shall be any item or charge in said fee bill, "not authorized by law, or any item for services not actually rendered," &c. &c. to proceed without any notice to the Clerk, to quash such fee bill, and to order the Clerk to restore the money which has been paid for the whole of said fee bill so quashed, and provides that he shall further proceed to fine the Clerk who has issued the same, in favor of the party who has paid it, in any sum not less than one dollar nor more than four dollars for such item so improperly charged. In the case of *Harrison* vs *Chiles,* (3 *Littell,* 195,) this Court is understood to have maintained, in argument, the constitutionality of this section, in authorizing a judgment against the Clerk without notice. But in that case the judgment was rendered by the same Court of which the defendant was Clerk, and not until after the Clerk had waived the necessity of a rule requiring him to appear and make defence. And although in the several reported cases arising under this section of the statute, there seems to have been no notice, and no judgment of this character against a Clerk, seems to have been reversed for want of notice, yet we have found no case in which such a judgment has been sustained without either an appearance on the part of the Clerk or a notice requiring him to appear: *Chiles* vs *Harrison,* (1 *Littell,* 150;) *Tevis* vs *Craig, &c.* (6 *Monroe,* 7.) Nor do we feel ourselves called upon in this case to decide that a judgment of the character authorized by this statute can be pronounced against a Clerk without affording him some

Will a joint notice by two or more individuals, of a joint motion against a Clerk for judgment for fine and refunding money illegally exacted on fee bills, be sustained—*Qu.*

opportunity of making his defence. It is quite probable that the draftsman of the statute may have had in view only the case of a complaint against the Clerk of the same Court which is authorized to render the judgment, in which case he would be presumed to have sufficient opportunities of defence and explanation, without the formality of notice or regular citation. But the statute makes the same provision for every case; and if it be conceded that justice or the constitution, or the admitted principles of jurisprudence require that the Clerk should have a fair opportunity of making defence, by previous notice or citation, still as these considerations do not, of themselves, prescribe more than this, we should be departing from the statute without even the support of the constitution, or of the general principles of justice or of jurisprudence, if in a case where the Clerk has had substantial notice of the complaint, in time to have made such defence as he might choose to make, a judgment rendered in his absence should be defeated by applying to the form of the notice those technical rules by which the more formal proceedings in actions at law are regulated and tested.

The notice in this case identifies the several fee bills complained of. It states that they were made and issued by Rodes as the Clerk of the Fayette County Court; shows by whom they were severally paid, and that the persons so paying them resided in Fayette county, and notifies him that those persons will move for judgments against him and in their favor respectively, quashing the said fee bills on account of illegal charges therein, and for the restoration of the amounts paid by them respectively, and also for a judgment upon every illegal charge paid, in favor of the party who had paid it. The objection is that the two persons, Reese and Parker, who have united in this notice, have no joint interest which authorizes a joint notice. But upon fair interpretation of the language of the notice, they do not propose to make a joint motion for a joint judgment. If the notice had imported that such a motion would be made, although no such judgment could have been rendered, still we are not prepared to say that the notice, being incorrect in this particular,

RODES
*vs*
REESE & PARKER

which the law and the Court would regulate, should, on this ground alone, be deemed wholly ineffectual. The statute expressly dispenses with all notice, and deems it sufficient that the Judge shall be satisfied by his own inspection or examination, that the fee bill presented to him contains illegal charges. All that the Clerk can require is, that he shall have a fair opportunity of preparing and making his defence upon the merits. In view of this object, it is immaterial whether he is notified by several persons, jointly or severally. And although a joint judgment, in favor of several persons having no joint interest, would not be sustained, we do not see that a judgment, correct in this respect, could be affected by the fact that there had been a joint notice of a joint motion to be made, either for a joint judgment or for separate judgments, much less could it be material that two parties had, in one instrument, notified him that they would severally move for several judgments, upon the facts in which they were severally interested, as stated in the instrument.

It is objected, however, that there was not a sufficient service of the notice. The return upon it, purporting to have been made by a Constable of Fayette county, states that, on the third of October, which was ten days before the day mentioned in the notice as the one on which the motion was to be made, a copy of the notice was left at the residence of Rodes, with his mother, being a member of his family, who stated that he was in the house, but sick and not to be seen; and on the day named in the notice, the motion was taken up. That this is a sufficient service is proved by the general statute regulating the manner of serving notices: (*Stat. Law*, 1229,) and the decisions upon it, and especially by the case of *Pope* vs *The Commonwealth*, (*Printed Decisions*, 141,) and *Jones on dem. Griffith* vs *Marsh*, (4 *Term Rep*. 465.)

*Such a notice to a Clerk, served 10 days before the motion on the mother, when the defendant was in the house, but not to be seen on account of indisposition, is good.*

It is further objected, that one of the fee bills specified in the notice, and on which the judgment in favor of Reese was in part founded, was not issued against Reese but against one Reuben Lyter, a resident of Bourbon county, and therefore, that Reese was not entitled to a judgment on that fee bill. But the statute authorizes any person who pays a fee bill containing illegal charges, to

*Any person paying Clerk's fee bills containing illegal charges, may obtain judgment for the money so paid, and fines.*

obtain the judgment; and although this comprehensive' language might not be construed to authorize a mere volunteer or speculator to take the benefit of the statute, yet we suppose it will be neither an extension nor an improper application of the terms of the statute, to say that it applies to the unsuccessful party in a suit, who being adjudged to pay the costs incurred by the. other party, takes up the fee bills constituting those costs, without waiting for an execution; and this is the case as stated in the motion, with regard to the fee bill against Lyter. We do not perceive any just ground for discriminating between his rights acquired by paying the fee bills made out against himself, and those acquired by paying the fee bills made out against the party whose costs he is bound to pay. It is the payment which entitles the party to redress against the Clerk. If Lyter had paid, it would have been with Reese's money, and Reese would have been the party really injured by illegal charges; and as Reese has actually paid with his own money, no one else can pretend to have been injured, or to have a juster claim than he to the statutory redress.

It is further contended, upon the section of the statute on which this proceeding is founded, that extraneous proof or facts are not admissible, and on this ground, that we are not to presume that the Court looked out of the fee bills themselves, in determining upon their legality or illegality. But the statute unequivocally shows that a charge for services *not actually rendered,* is one of the illegal items to which it refers, and thus emphatically refers to matter of fact, as one of the grounds upon which the legality or illegality of the charge is to be determined. The case of *Harrison* vs *Chiles,* (3 *Littell,* 195,) also shows explicitly, that several of the items in the fee bill then in question, were decided to be illegal on proof outside of the fee bill itself, showing that the service had not been rendered; and although there is no bill of exceptions in this case setting forth the evidence, yet as the record shows that a subpœna *duces tecum* was awarded, directing the defendant himself to bring in the order book of his Court, and other evidence from his office, by which his charges might be tested, we conclude not only that

the Court was at liberty to hear evidence, but that it did in fact hear evidence on the subject.

Having settled these preliminary questions, we might, upon the ordinary presumption in favor of judgments of the Circuit Court, affirm the judgment in this case, without deciding any of the questions made on the face of the fee bills, since, however correct and legal the charges might seem to be as standing in the fee bills, it might have been satisfactorily shown, by evidence before the Circuit Court, that the services for which these charges, or some of them, were made, were not in fact rendered. But although, under this view of the subject, we could not reverse the judgment, though we might not find as many charges apparently illegal as would justify the sums adjudged as fines against Rodes, yet as several particular items have been discussed, we deem it more satisfactory to state our opinion upon the question of their legality.

In the fee bill against Reese, amounting to $86 60, and containing the Clerk's charges in forty appeal cases in which Reese was appellant and Parker appellee, it is objected that after charging for the summons 25 cents, for return 12½, and for the injunction or supersedeas thereon 10 cents, the two additional charges for a certificate of the same to the Justice, and a certificate to the Constable, 25 cents each, are unauthorized by law, no such service being required. It is contended on the other side, that the 8th section of the act of 1796, (*Stat. Law*, 888,) requires these certificates to be made out, and that the general fee bill established by Statute, (*Stat. Law,*. 687–689,) authorizes the charge of 25 cents for every such certificate. The statute of 1796, says that upon the execution of the appeal bond, "the Clerk shall certify the same to the Magistrate and Constable, enjoining further proceedings, and issue a summons to the appellee," &c. We will not say that this clause might not be so construed as to authorize a separate certificate to the Magistrate and also to the Constable. But if it receive that construction there is nothing to authorize the indorsement of another certificate upon the summons itself. But on turning to the third section of the act of 1821, (*Stat. Law*, 900,) we find that the previous act had been under-

Clerks are not authorized to charge for a certificate to the Constable independently of the indorsement upon the summons, in cases of appeals to the County Court.

stood as directing a summons with injunction, to be serv-
ed, &c. and said third section directs the Clerk to issue
a summons with injunction, as heretofore, which it di-
rects to be served upon the appellee, but says nothing of
any other certificate to the Justice or Constable; and
there is nothing in either or any statute relating to the
service of any certificate of the injunction upon the Jus-
tice or the Constable.   We infer, therefore, that the stat-
ute of 1796 intended, or at least was understood as in-
tending no other certificate to the Justice or Constable than
that which should be indorsed on the summons, stating the
fact of the execution of the bond or its effect as producing
an injunction or supersedeas.  Such, at any rate, we con-
sider as being the effect of the act of 1821.   And it is to
be observed that the act of 1812, regulating appeals from
Justices to the Circuit Court, while it provides distinctly
for a supersedeas to be issued by the Clerk of the Circuit
Court, does not intimate that there is to be both an in-
dorsement on the summons and a supersedeas besides.
We understand too, that the general practice in case of
appeals to the County Court, is to indorse the execution
of the bond or the injunction or supersedeas on the sum-
mons, and issue no other certificate of the fact.   And in
view of all these considerations, we are of the opinion
that the contrary practice in the Fayette County Court is
not sanctioned by law.

It appears from the fee bill already referred to, that
these forty cases of Reese and Parker were dismissed
agreed, and there is a charge for the order to that effect,
in each case.   But there is also a charge in each case, of
18 cents for taxing costs, which would seem to be illegal,
because the presumption is, from the cases being dismis-
sed agreed, that there was no judgment for costs, and
there is nothing in the fee bill to show that there was such
judgment.   The fee for taxing costs is only allowed where
costs are recovered in the suit: (Stat. Law, 686;) and in
fact there is no necessity for the service in any other case,
unless the party apply for a statement of the costs; and
then the charge allowed for the copy is the only compen-
sation expressly allowed, where there is no recovery of
costs.   These three items being repeated forty times,

Nor to charge a
fee for taxing
costs, where no
costs are recov-
ered.

would make one hundred and twenty illegal charges in this fee bill. It is also contended that the charge of 8 cents for .entering attorney in each case, is illegal, because there was no attorney. If there was an actual entry on the order book of the appearance, either in person or by attorney, the Clerk is authorized to charge therefor 8 cents, (*Stat. Law*, 68;) and as Reese, the appellant, must have been in Court in one of these modes, this charge would not be deemed illegal, if there was any such entry, though it should appear to have been improperly made as by attorney, when it was in proper person. This charge, therefore, may have appeared to be legal or illegal, upon inspection of the order book; and the same may be said of the last preceding item which appears on the face of the fee bill, to have been illegal.

The fee bill against Lyter, on which Reese also claimed and obtained a judgment, amounts to $13 10, and consists of the Clerk's charges against Lyter for services in four appeal cases, by Lyter against Reese, in which Lyter obtained judgments in the County Court. This fee bill charges, in each case, 25 cents for certifying the injunction or supersedeas to the Justice, and the same for certifying to the Constable, which charges, making eight items, have already been pronounced illegal. The same fee bill contains also a charge in each case as follows: ''Order judgment reversed 25 cents; judgment on account 25; judgment for costs 25,'' making the full charge allowed by law for three distinct judgments, when there ought to have been but one judgment; that the judgment of the Justice be reversed, and the appellant or plaintiff recover his debt and costs; and but one charge for the entire judgment. How the record of the County Court may in fact have been made up we cannot tell; but there should have been but one entry of the entire judgment, and but one charge for that entry, and we must presume, if it be necessary to sustain the judgment, that the Circuit Court found eight illegal items in these twelve charges for entering the four judgments, which would make sixteen illegal charges in this fee bill, and when added to the one hundred and twenty apparently illegal items in the other fee bill already noticed, would make an aggregate of one

hundred and thirty six, exclusive of the charges for entering attorney. And as the statute authorizes a fine of at least one dollar for each illegal item, we must regard the judgment in favor of Reese for the amount of these two fee bills, and also for $136, being a fine of one dollar for each illegal item contained therein, as being free from error.

The judgment in favor of Parker is $3 12, the amount of a fee bill against him in thirty-nine of the appeal cases of Reese, consisting of the single charge in each case, of 8 cents for entering attorney, and also of $39 adjudged for a fine of one dollar for that charge, as an illegal item in each case. And as we are bound to presume that it was made satisfactorily to appear, either that there was no such entry in fact, or that it was made illegally and without authority, that is, without any appearance on the part of Parker in the 39 cases, either in person or by attorney, this judgment must also be pronounced to be free from error.

No objection has been made to the prosecution of one writ of error for the reversal of both judgments, and both judgments are affirmed.

*Robertson* for plaintiff: *J. E. Davis* for defendants.

---

CHANCERY.

Case 110.

June 14.

The case stated.