## Case No. 4,191.

### DURANT v. WASHINGTON COUNTY.

### RIGGS v. JOHNSON COUNTY.

[1 Woolw. 377.][1]

Circuit Court, D. Iowa. May Term, 1869.

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

MILLER, Circuit Justice. Several questions are presented in this case, which we will dispose of in their order.

The first arises on the motion to consolidate the cases.

The proceeding in which this motion is made is an attachment for contempt, against the supervisors, for failing to obey a writ of mandamus issued by this court. In fact. there were two writs issued at the instance of different relators, directed to the same board of supervisors. No special order was made by the court as to the manner of issuing the attachment for contempt; and the clerk, under instructions from the relators, or in accordance with what he believed to be his duty, issued a separate writ in each mandamus, for each individual supervisor, making two writs of attachment against each of the defendants, and as many sets of attachment as there are supervisors. The cases are docketed as cases of the United States against each individual.

We are of opinion that the cases of all the supervisors charged with contempt of one writ of mandamus, are proper subjects for consolidation into one. The order which the supervisors were required to execute was one order; the action required of them was joint action; and it related to but one subject matter. Their guilt or innocence of the charge of contempt has its foundation in the same duty and the same disobedience; and though there may be varying defences or excuses, and a difference in the degree of guilt, the hearing together of these matters is quite as consistent and appropriate as the trial of the guilty and the innocent, charged in the same indictment, with the vilest crime; or as the trial in one civil action of many persons charged as joint trespassers. The truth is, that. as a principle, they are jointly and severally guilty, and may be jointly or severally tried, as convenience and the discretion of the court may determine. In the cases before us, we are of opinion that justice and convenience will be subserved by a consolidation of all which relate to the disobedience of the same writ of mandamus, and we shall order that they be thus consolidated.

If it shall become necessary in future to issue attachment for contempt in this class of cases, but one writ should issue for the contempt incurred under each mandamus; all who are attached for disobedience to that mandate being included in the one writ.

We see no reason, however, for retaxing the costs of the marshal and clerk. The cases are of that character which allows of presentment jointly or severally. There is no reason to believe that the clerk acted otherwise than as he believed to be right. He should not be deprived of the fees, already earned, as allowed by law.

The case of the marshal is still stronger. There was placed in his hands a separate writ of attachment against each man, issued under the seal of the court. He had no part in framing the process, nor could he refuse to serve it. The only question is, what does the law allow him for such service? It is not claimed that too much is taxed for any of the services rendered, if the cases are to be treated as individual. That such is the case until they are consolidated, we have already shown.

The only limitation to the marshal's right to recover full fees for each writ which he serves, is to be found in the proviso to the 1st section of the act of 1853 (10 Stat. 144). It is there provided, that where, at the instance of the same parties, more than two writs are to be served on the same person, the marshal shall be entitled to mileage for two writs only. As there are here no more than two writs served upon any one person, this provision is obviously inapplicable.

A more difficult question is, whether a fee of $10 is taxable in each of these cases, in favor of the United States attorney for this district. Our first impressions were strongly adverse to this claim. The members of this court do not know of an instance in which such claim has ever been asserted, either in the state or federal courts. Nor are we aware of any instance in which the attorney for the government has appeared to present a case for contempt, originating in the refusal of a witness or other person to yield obedience to a writ issued in a suit between private parties.

We are satisfied, however, upon consideration, that a prosecution for contempt of court is a criminal proceeding, in which the government is interested as plaintiff; and that, whenever it becomes necessary for the government's attorney to appear to vindicate its authority as represented in the courts, it is his duty to do so.

It only remains to ascertain what provision the statute has made for his fees, in a case in which he properly appears. One of the provisions of the statute is, that whenever two or more indictments, suits, or proceedings, which should be joined, are or shall be prosecuted, the district attorney shall be paid but one bill of costs for all of them.

Now we have just held that all of these cases, which relate to the same writ of mandamus, should be joined; and have given effect to that view by ordering a consolidation. We have also given directions concerning the manner of issuing such writs in future. So far as the clerk and marshal are concerned, this can affect their fees for future services only. But it is obvious that the statute intended that the district attorney should have but one bill of costs in all cases which should have been joined, without reference to whether they are consolidated or not. It establishes a rule in reference to his fees, but does not do so in regard to those of the clerk and marshal. The obvious reason is, that he is supposed to know when cases should be joined, and, if such cases are not originally united, that he should move for their consolidation. If he fails to do this, and the matter is brought to the attention of the court, he can have only such fees as he would have been entitled to if they had been so brought or consolidated.

The result of these views is, that for the attachments growing out of each mandamus, the district attorney is entitled to one fee of $10, and no more. Most of the parties attached, and some under each mandamus, are still before the court for future action.

No fee will be taxed for the attorney in the cases of those parties who have been discharged with a nominal fine at this term. When the cases yet before us are finally disposed of, one fee of $10 will be taxed for him in the cases as consolidated under each mandamus.