UNITED STATES *ex rel.* D. & N. O. RY. CO. *v.* ATCHESON, T. &
S. F. RY. CO.*

*(Circuit Court, D. Colorado.* June 22, 1883.)

CONTEMPT IN UNITED STATES COURT.

The power of the United States court in matters of contempt is limited, by
Rev. St. § 725, to punishment by fine and imprisonment. It has no power to
impose any punishment by way of damages or compensation to the plaintiff in
the original action.

Proceedings for Contempt.

McCRARY, J. Upon the questions reserved for my consideration
by the order herein of June 1st, I have reached the following con-
clusions:

1. This is a proceeding in its nature criminal, and which must be
governed by the strict rules of construction applied in criminal cases.
Its purpose is not to afford a remedy to the party complaining, and
who may have been injured by the acts complained of. That rem-
edy must be sought in another way. Its purpose is to vindicate the
authority and dignity of the court. In such a proceeding the court
has no jurisdiction to make any order in the nature of further direc-
tions for the enforcement of the decree. *Van Zandt* v. *Argentine
Mining Co.* 2 McCrary, 542; [S. C. 8 FED. REP. 725;] *Haight* v.
*Lucia,* 36 Wis. 355; *In re Chiles,* 22 Wall. 163; *Durant* v *Sup'rs,*
1 Woolw. 377; *New Orleans* v. *Steam-ship Co.* 20 Wall. 392.

2. The power of the court is limited to the punishment of the
party charged with contempt, and, under the provisions of section
725 of the Revised Statutes of the United States, such punishment
must be by fine or imprisonment. That section provides that cir-
cuit courts shall have power "to punish by fine or imprisonment,
at the discretion of the court, contempts of their authority." This
enactment, says the supreme court, is "a limitation upon the man-
ner in which the power may be exercised, and must be held to be a
negation of all other modes of punishment." *Ex parte Robinson,* 19
Wall. 512.

3. To justify the punishment prescribed by statute for contempt,
the fact of the guilt of the accused must be clearly and explicitly es-
tablished to the satisfaction of the court. If the terms of the decree
are ambiguous, or if men of equal intelligence might honestly differ
as to their meaning or construction, the defendant is entitled to the

*From the Denver Law Journal.

benefit of the presumption of innocence until the court has, by further directions, made the meaning more plain, after which disobedience must be punished.

4. I am of the opinion that the defendant has violated the decree by its refusal to check baggage beyond its own line; but I agree with the district judge in the opinion that, as this refusal was under the advice of counsel, no punishment should be inflicted for past offenses in this regard.

5. So much of the order of June 1st as required defendant to pay complainant certain sums, and directs an accounting, is not a proper order in this proceeding, being in the nature of further relief to the complainant, and not in the nature of punishment for contempt by either fine or imprisonment.

6. The decree does not, either by its terms or by necessary implication, forbid the change in the division of freights and fares now complained of; and there is, therefore, no case for the punishment by fine or imprisonment of the defendant for assenting to such change and acting thereon.

7. It is not necessary to say more upon the subject of the change of the division of freights and fares, but inasmuch as that subject has been exhaustively argued by counsel, I think it proper to state briefly my conclusions upon the merits of the controversy respecting it.

In my opinion the courts ought not to interfere for the purpose of preventing any reduction of rates which results from competition between rival railway lines.   If, as a result of the struggle for business between such competing companies, they voluntarily offer to carry, either for the public generally or for connecting lines, at less than a remunerative rate, it is their own business.   They are not obliged to carry for less than a fair and reasonable rate; and if they voluntarily do so for the purpose of outstripping a rival, they cannot complain of those who avail themselves of the low rates offered.   It follows that if the defendant has done nothing more than to avail itself of the low rates offered to it, as a result of the struggle for business between complainant and the Denver & Rio Grande Company, then there is no cause for relief against defendant because of its action in this regard, either in this proceeding or in any other.

Acting, doubtless, upon this view of the subject, the complainant, in the affidavits filed as the basis of this proceeding, charged that the change in the division of freights and fares was, as between the defendant and the Rio Grande Company, a false pretense,—a mere

sham,—no change in fact having been made in the division, as it was before April 1st, when the pretended change took effect.

If this allegation was sustained by the proof, the court would not hesitate to hold it to be a flagrant violation of the decree, and to punish it accordingly. But I am bound to say it is not sustained by the proof. Numerous affidavits are filed by defendant, in which the deponents swear that the reduction was voluntarily made by the Denver & Rio Grande Company, and that the defendant had nothing whatever to do with it. These witnesses all affirm that the Rio Grande Company has no arrangement whatever with the defendant whereby it is to receive any other or better terms than those accorded to the plaintiff. The answers under oath, filed by the officers of the defendant company, to interrogatories propounded by complainant, are to the same effect. On the other hand, there is nothing but probabilities and circumstances. It is impossible, upon this proof, for me to say that the collusion and conspiracy charged have been established.

In my judgment, the complainant must, in order to be entitled to relief on account of the change in the division of freights and fares complained of, establish by satisfactory proof that the other two companies have combined against it, and made the change complained of for the purpose of defeating the operation of the decree, and of depriving the complainant of the benefits thereof. This established, the complainant might, either in a proceeding for contempt or an application to the court for further orders, or in an original proceeding, obtain the necessary relief; but from the consequences resulting from a war of rates merely, and from a struggle with a rival company to secure business, the courts cannot relieve.

See *U. S.* v. *Sowles, ante,* 536; *In re Cary,* 10 FED. REP. 622, and note, 629.