S. M. Fronizer and W. S. Bair were duly summoned by the committee appointed-by this court to examine-the commissioners’ report, to give testimony relative to the official transactions of the commissioners as provided by R. S., Section 917. Upon refusal to answer certain questions these witnesses were cited to appear before this court to show cause why they should not be punished for contempt. Thereupon, affidavits of bias and prejudice.were filed by Fronizer and Bair in the contempt proceedings.
The affidavits are in the language of R. S., Section 550. No facts showing bias or prejudice are alleged.
The matter of affidavits of bias and prejudice has been a source of much controversy and of many contradictory decisions. Our statute, R. S., Section 550, has been several times amended and is now in a most ambiguous and uncertain condition. Courts have been more reluctant to insist upon a construction of this statute because of the delicacy of the question presented. In its present form the statute has received but few-judicial constructions and none of these are by the Supreme Court. In the instances where the question has arisen the decisions have turned upon the peculiar facts of each ease and the reasoning of courts is confined to the very narrow limits of the particular case.
R. S., Section 55J3, was last amended in the 86th Vol. Ohio Laws, page 363, passed April 15, 1889. The original section provided for a change of venue upon the filing of an affidavit setting forth that the local judge was disqualified by.reason of an interest in the event of any cause, proceeding, motion or matter, pending before the said court in any county in his district.
In the ease of Barclay v. Salmon, 17 C. C., 152, the history of this section is given as follows:
“The law of 1860 (57 O. L., 5) is not materially different from that of 1855 (53 O. L., 25), and was carried into the revision of 1880 as Section 550. So much of ft as is material to the question under consideration is as follows:
*478 “ ‘In every instance where a judge of the court of common pleas is or shall be interested in the event of any cause, proceeding, motion or matter, pending before the- said court in any county of his district, * * * on affidavit of either party to said cause, * * * or his counsel, showing the fact of such interest, it shall be the duty of the clerk of. said court to • enter upon the docket thereof, an order directing that the papers and all matters belonging to said cause shall be transmitted to the clerk of the court of common pleas of an adjoining county of another subdivision, where practicable, of any cause or matter pending before the court in any county of another district.’
“It will be noticed that the section as it then was provided for a change of venue in every case where the fact of the interest of the judge is shown by the affidavit of either party or his counsel. In 1885 (82 O. L., 24) the section was amended to read:
“ ‘When a judge of the common pleas court is interested in any cause or matter pending before the court in any county of his district or is related to either or any party to such cause - or is otherwise disqualified to sit in such a cause or matter, and there is no other judge in the same subdivision who is not disqualified on affidavit of either party to such cause or matter or his counsel showing, ’ etc. ’ ’
Here is the first material change in the law. It will be noticed that not only does interest in a cause disqualify a judge-to sit, but also relationship or any other disqualification that is shown by affidavit of a party. Another important change is. that the venue is not to be changed in every instance an affidavit is filed, but only when there is no other judge in the-•same subdivision who is not so disqualified.
The statute, in its present form does not provide for the disqualification of a resident judge of the district at all except-by implication. No court has ever directly passed upon the precise authority for disqualifying a judge for bias or prejudice since the statute has been in its present form. Whether the same grounds for disqualification of a judge of the district would apply as in the ease where by the provisions of the statute all the judges of a district are disaqualified is, so far as judicial determination is concerned, still an open question. If the same grounds are by implication, applicable to the local *479 judge as to all the judges of the district, it is by implication only and not by express provision.
The reason for such ambiguity is “that originally the statute-in every case provided for a change of venue so that it was not. necessary to declare the judge disqualified, and instead of redrafting the section, and in express terms disqualifying the-judge, the section has been from time to time amended until now it in no instance provides for a change of venue but only for a judge who is not disqualified.”
If this statute fails to provide a statutory ground for bias; and prejudice, then the only law governing the subject would be the common law.
“At common law and in this state until recently only interest required a change of venue or disqualified a judge, and the facts upon which the interest arose had to be set out. ’ ’ Knaggs: v. Conant, 2 Ohio, 26; State, ex rel, v. Winget, 37 O. S., 153.
If the statute does not by implication include resident judges', then the common law rule would apply. If it does, then the. question arises as to whether it would apply in any case except, civil eases. The language of the original section clearly referred to civil suits and to these only. The phraseology of the statute has been changed in the course of amendment, but it does not appear that the purpose of the change was to enlarge-the class of cases but only to alter the procedure when a judge-is disqualified.
The proceeding in which the affidavits in question were filed was one -in contempt. Whatever might be the conclusion as to the right of parties under the existing law to file affidavits pf prejudice generally, certain it is that no such affidavit could be filed in this proceeding in any event.
“Notwithstanding the fact that contempts are regarded as offenses against the state which being granted it would seem to follow that any tribunal having criminal jurisdiction should have power to punish them when committed anywhere within the territory over which that jurisdiction extends, yet it is a-well settled rule that that court alone in which a contempt is* committed or whose order or authority is defied has power to punish it or to entertain proceedings to that.end.” Rapalje on *480 Contempt, Section 13; Hale v. State, 55 O. S., 210; Myers v. State, 46 O. S., 473; Stuebe v. State, 3 C. C., 383.
The affidavit was therefore improperly filed in this case, and persons filing it could have had but one purpose in filing it, and that the interference with the due administration of justice and to harass and annoy the court.
The rule of this court announced by Judge Tyler and recorded and brought to the- attention of the members of this bar requires that the facts upon which an affidavit of bias and prejudice is based shall be stated.
This rule is as follows:
“It is hereby ordered by the court that every affidavit filed under Section 550 of the Bevised Statutes of this state shall specifically set forth the facts constituting the interest or relation or bias, or prejudice or other disqualification of the judge of this court, and that every such affidavit not in conformity herewith, shall be stricken from the files.
“Fremont, Ohio, April 15. 1904.
“Julian H. Tyler, Judge.”
This rule was adopted' after careful consideration of the existing laws on the subject of affidavits of prejudice. It seems to be both consistent with the power and the practice of courts to adopt such a rule and it certainly is necessary to fix some limits to the abuse of this privilege. To permit the unqualified filing of affidavits would forever prevent the trial of a case. If the right is not subject to any limitation whatever then it is a most dangerous authority when allowed to the vicious or the corrupt. It would invite perjury and prevent the administration of justice.
The right of courts to establish rules of practice and to enforce their observance is so well settled in Ohio that it would seem unnecessary'to cite authority.
In the case of Wallace v. Scoles it was held:
“We believe it was error to quash the appeal though the attorney joined in the bond, in violation of the rule of court of •1831.
“This conduct on the part of the attorney was contempt of court, for which he might be punished. But the bond must *481 be held valid for the benefit of the appellee, otherwise the attorney may escape a legal responsibility voluntarily undertaken, and thus obtain advantage by his own wrongful act.” Wallace v. Scoles, 6 Ohio, 428.
The common pleas court has power to adopt rules and to enforce them. Kinkead’s Practice, Sections 179, 189 and cases cited; Cochran v. Loring, 17 Ohio, 409; Ludwick, Adm’r, v. Casady, 38 Bul., 250; State v. Hanousek, 19 C. C., 303, 307; Kinkead’s Code Pleading, Section 249; City of Emporia v. Vollmer, 12 Kas., 2 Ed. Annotated, 475; German Ins. Co. v. Land-raw, 11 S. W., 367; also 529.
It has been suggested but never so held in Ohio that an affidavit of prejudice though false can not be the basis of a prosecution for perjury.
See State v. Wolf, 11 C. C., 601, where the 47th Wisconsin, 435, is quoted.
This suggestion might be well founded if the affidavits of prejudice were made in the language of the statute merely. One very potent reason for requiring the facts upon which such an affidavit is based to be stated, is found in this very suggestion. If an affidavit of prejudice can be made with impunity and without incurring the pains and penalties of perjury it may be used to obstruct the administration of justice and to harass and intimidate courts. An affidavit for the continuance of a case, if false, may be the basis for a prosecution for perjury. Surely an affidavit of prejudice is equally important. The expense entailed by the filing of an affidavit of prejudice is frequently as great and the delay more vexatious than in an affidavit for continuance.
“An affidavit upon which is based a motion to require the regular judge to vacate the bench must state the charges against him in such a manner that if false they will subject the party making them to criminal punishment; and where the affidavit does not conform to this rule, and is based almost entirely upon hearsay, it is no abuse of discretion to hold the affidavit insufficient.” Schmidt v. Mitchell, 41 S. W., 929.
This it would seem furnishes the true test of the expediency of the rule. If the facts stated are false, then the person so *482 making the affidavit should be prosecuted for perjury. It is only by imposing the penalties of perjury that the dignity of courts is maintained and justice is done. If a litigant could experiment by telling a false story, and, if not detected, thus get an unjust advantage as the reward of his perfidy, there would be plenty to try the hazard. Courts would become mere burlesques and travesties on justice.
This rule is not only in harmony with the statute on the subject of affidavits of prejudice, but it is in furtherance of the purpose of the law. It sustains the same relation to the statute as the rule requiring affidavits in attachment eases to state the facts or the rule providing a particular form of procedure, of courts in appeal cases where the statute is defective or ambiguous.
The common pleas court has the authority to make rules conferred both by statute and by the constitutional character of the court. 3 Blackstone’s Commentaries, Chap. 23, page 361; Hale v. State, 55 O. S., 210; Myers v. State, 46 O. S., 473; Steube v. State, 3 C. C., 383.
This court has ample power to enforce this rule by punishment for contempt. See R. S., Section 5639, et seq; 12 Am. Dec., 177; 1 Bouvier’s Law Dict. (Rawle’s Ed.), 420.
The subject is one which is perplexing the courts all over the state. An opinion by Judge Dirlam on this subject will be found in 2 O. L. R., 334. It appears that in both Richland and Knox counties the matter is engaging the attention of the courts. In State v. Wolfe, 11 C. C., 591, above cited, it is doubted whether perjury can be predicated upon an affidavit of bias and prejudice. This matter is now in a fair way to be ! determined. In Knox county a special grand jury is in session to indict a party for making an affidavit of prejudee against a judge who did not know either of the parties. When that matter is determined and settled the further action of this cqurt will be governed by it. For the present that phase of these cases will be left in abeyance. It is certain that where an affidavit states the facts upon which it is based, if they are false, a prosecution for perjury will lie.
H. C. DeRan, for the court.
Judge E. B. King, Charles Seiders and Bartlett & Wilson, for the defendants.
The rule announced by Judge Tyler, it would seem may well come within the purview of the broad doctrine announced by Judge Shauk in the case of Hale v. The State, 55 O. S., 210. The filing of the affidavit in question was in the first instance wholly unauthorized. 7 Am. & Eng. Ency. of Law (2nd Ed.), 34 and 35.
The filing of an affidavit of prejudice under such circumstances had but one purpose, and could have had but one purpose and that to defy the authority of the court and to intimidate and annoy the court. It was improper and unauthorized to file an affidavit of prejudice in a proceeding for contempt. It was a violation of the rule of this court to file such an affidavit without stating the facts upon which it was based. Moreover, the facts stated in the affidavit are not true.
An attorney may be punished for contempt for disobeying the rules of court, of which he had notice expressly or impliedly. 1 Bac. Abr. Bouvier’s Ed., 1868, 509; 2 Am. St. Rep., 853.
It is the act done, not the intent with which it was committed, which determines the question whether there is a contempt. Cartwright’s Case, 114 Mass., 230.
Where an attorney advises and procures his client to disobey the order of court, such unworthy practice will be regarded and punished as a contempt. 7 Am. & Eng. Ency. Law, 44, and cases there cited.
For the reasons stated, I find the parties cited in contempt of this court and fine S. M. Fronizer $75 and the costs of this proceeding, and he will stand committed until paid.
I also fine W. S. Bair $75 and the costs of this proceeding for the same reasons, and he will stand committed until paid.
I find that James Hunt, a practicing attorney at this bar drew and prepared the affidavits in question and procured the same to be signed, and for procuring, drawing and filing of the same, I fine him $50 in each case, and the costs of the proceeding and he will stand committed until paid.